IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HADASSAH FEINBERG, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-24-1957 |
| FERDINAND CINTRON et al, | * | |
| Defendants. | * | |

***

**ORDER**

Pending before the Court is Plaintiff Hadassah Feinberg's Motion for Reconsideration on the Court's Order on her Motion to Redact Address (ECF No. 21). Feinberg's action is no longer pending before this Court, but "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending"). Cooter & Gell v. Hartmarx, Corp., 496 U.S. 384, 395, (1990); see also Langland ex rel. M.L. v. Sec'y of Health & Hum. Servs., No. 07-36V, 2011 WL 802695 (Fed. Cl. Feb. 3, 2011) (granting in part motion for redaction in a previously dismissed action). Upon further consideration and out of an abundance of caution with respect to Feinberg's safety, the Court will grant the Motion for Reconsideration (ECF No. 24), strike the December 10, 2024 Order on the Motion to Redact Address (ECF No. 23), and grant the Motion to Redact Address (ECF No. 20).

Under Rule 5.2(e)(1), the Court may "[f]or good cause . . . require redaction of additional information." Rule 5.2 exists to "to protect privacy and security concerns" of individuals. Fed. R. Civ. P. 5.2 Advisory Comm. Note (2007). "'Good cause' for redaction

under Rule 5.2(e)(1) exists when a party's 'privacy and security concerns' outweigh the public interest in access to judicial records." Buster v. Bd. of Cnty. Commissioners for Lincoln Cnty., No. 21-CV-1208 CG/SMV, 2022 WL 1689387, at *1 (D.N.M. May 26, 2022)

Here, Feinberg asserts that she is subject to the State of Florida's Address Confidentiality Program. (Mot. Redact at 2, ECF No. 20; Mot. Reconsideration at 1, ECF No. 24). Courts have granted requests to redact addresses where plaintiffs provide evidence that they are participating in a state's confidentiality programs. See e.g. Doe v. Collectco, Inc., No. 206CV00244JCMDJA, 2021 WL 3199210, at *3 (D.Nev. July 27, 2021). Here, Feinberg provides evidence that a Florida Court redacted her address in May 2024. (Florida Court Filing at 1, ECF No. 24-1). Accordingly, the Court finds that it is plausible Feinberg is subject to a state confidentiality program, and there exists "good cause" to redact her address. Additionally, the Court finds that because Feinberg's address is not material to her claims, "there is no public interest in her location or home address that outweighs [her] interest in privacy and security." Buster, 2022 WL 1689387, at *1.

Feinberg notes that the address on file with the Court is not her current physical address. (Mot. Reconsideration at 1). It is not clear to the Court where in the record exist references to Feinberg's current address that she wishes to redact.

Accordingly, it is this 11th day of December, 2024 by the United States District Court for the District of Maryland hereby:

ORDERED that the Motion for Reconsideration (ECF No. 24) is GRANTED;

IT IS FURTHER ORDERED that the Court's December 10, 2024 Order denying the Motion to Redact is STRIKEN;

IT IS FURTHER ORDERED that Feinberg's Motion to Redact (ECF No. 20) is GRANTED without prejudice as to any defenses Defendants may later raise;

IT IS FURTHER ORDERED that Feinberg shall within fourteen days file a status report indicating to the Court which exhibits contain her unredacted, current physical address.[1] Any such exhibits will be sealed and labeled as "unredacted";

IT IS FURTHER ORDERED that to the extent the record contains Feinberg's current physical address, Feinberg shall file redacted versions of those documents; and

IT IS FURTHER ORDERED that the Clerk is directed that this case shall REMAIN closed.

/s/
George L. Russell, III
Chief United States District Judge

---

[1] Failure to comply with sufficient specificity as to the exhibit number and location within the exhibit of each document for which redaction is requested will result in a denial of the relief Feinberg seeks.